UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL LEE, et al., | No. 2:20–cv–1161–JAM–CKD |
| Plaintiffs, | ORDER ON MOTIONS FOR PROTECTIVE ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (ECF Nos. 43 & 52) |
| Defendants. | |

Presently before the court are two motions for a protective order staying discovery in this litigation: one filed by the California Department of Corrections and Rehabilitation ("CDCR") and one filed by the individual defendants, except for defendant Gorewitz.[1] (ECF Nos. 43, 52.) The parties filed joint statements regarding the discovery disagreement, along with supporting declarations and exhibits. (ECF Nos. 53, 62, 63, 63.1-.2.) The court heard remote arguments on the motions on January 13, 2021. (ECF No. 64.) For the following reasons, the court DENIES a stay of discovery for defendant CDCR and GRANTS a temporary stay of discovery for the moving individual defendants.

////

---

[1] These matters were referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1). (See also ECF Nos. 54, 55.)

1

**BACKGROUND**

This action arises from Michael Lee's January 2019 death by suicide while in CDCR custody. Plaintiffs—the Estate of Michael Lee and Michael's mother, Pamela Sandy—filed this action in June 2020. (ECF No. 1.) Plaintiffs allege that CDCR staff were aware of Michael's history of mental illness and recent suicide attempts from the start of his incarceration but failed to provide him constitutionally adequate mental health care throughout his 16 months in custody. (Id. at 2.) The complaint names some 26 defendants, including the CDCR, CDCR officials and administrators, the wardens and head medical officers for each of several CDCR facilities where Michael was housed, and numerous mental health care providers who treated Michael while in custody. (Id. at 10-12.) Plaintiffs assert seven causes of action against various subsets of the individual defendants, including Eighth Amendment deliberate indifference and state-law negligence and wrongful death claims. (Id. at 40-49, 53-55.) Plaintiffs assert two causes of action against CDCR—and only CDCR—under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA").[2] (Id. at 50-52.)

CDCR has a pending motion to dismiss the ADA and RA claims for failure to state a claim for relief. (ECF No. 28.) One of the individual defendants who treated Michael for certain periods while in custody (and who is not represented by the Attorney General in this case), Dr. Janet Gorewitz, has also moved to dismiss three of the four claims against her.[3] (ECF No. 39.) The remaining individual defendants had also planned to file a motion to dismiss all claims against them. (See ECF No. 52.) But on December 18, 2020—about one month after filing the instant motion for protective order—these defendants stipulated not to move to dismiss, and to instead file their answer to the complaint by February 12, 2021. (ECF Nos. 58, 59.)

The present discovery dispute arose because, ever since the parties' August 31, 2020 Rule 26(f) conference, plaintiffs have been wanting to pursue discovery as usual, while

---

[2] Plaintiffs have withdrawn their claim under California's Unruh Civil Rights Act, which was asserted alongside the ADA claim. (ECF Nos. 40 at 6 & 53 at 7 n.8.)

[3] Dr. Gorewitz moves to dismiss claim 3 (loss of familial relations) and claim 7 (wrongful death) as barred by California's one-year statute of limitations for claims against healthcare providers; and to dismiss claim 1 (deliberate indifference) and claim 3 for failure to plead facts plausibly suggesting subjective deliberate indifference.

2

defendants have maintained that discovery is premature.  In October 2020, plaintiffs started seeking discovery only from CDCR in the form of document production requests and interrogatories.  CDCR responded that these requests were overly broad and premature, given (a) CDCR's pending motion to dismiss and the individual defendants' anticipated motion to dismiss, and (b) the assigned District Judge's order vacating the standard 14-day deadline to exchange initial disclosures (ECF No. 35) and decision to delay issuing a scheduling order until the pleadings were more settled.

After CDCR filed the instant motion for protective order on October 26, 2020 (ECF No. 43), plaintiffs shifted course and began sending discovery requests—many of which they acknowledge as duplicative—to the individual defendants.  (See ECF No. 63 at 9 (stating that plaintiffs largely sought "the same documents [they] had hoped to obtain directly from CDCR").)  The moving individual defendants—represented by the same counsel as CDCR—likewise demurred to these more than 1,000 separate requests as both overly burdensome and premature given the unsettled state of the pleadings.  Still, on November 18, 2020, defendants did produce to plaintiffs "informally" some 6,000 pages of documents including Michael's "complete medical and custody files," as well as "all grievance records, and Defendants' duty statements."  (ECF No. 63 at 2.)

On November 25, 2020, with CDCR refusing to meet and confer regarding its objections to the initial discovery requests, plaintiffs sent CDCR a letter voluntarily narrowing (somewhat) the scope and quantity of discovery sought.  (ECF No. 62 (Ex. 13).)  That same day, the individual defendants served objection-only responses to the discovery requests they had received and filed their own motion for a stay of discovery.  (ECF No. 52.)

At a December 8, 2020 status conference with the assigned District Judge, the individual defendants were discouraged from proceeding with their intended motion to dismiss.  (ECF No. 54.)  Accordingly, on December 18, 2020, the court approved the individual defendants' stipulation that they would not file a motion to dismiss and that their answer to the complaint would be due by February 12, 2021.  (ECF No. 59.)

////

**DISCUSSION**

Without the formerly anticipated motion to dismiss all claims against the individual defendants (which, combined with CDCR's and Dr. Gorewitz's motions, could have potentially disposed of this entire case), the justification for staying discovery has now substantially diminished. Even if the claims against CDCR and Dr. Gorewitz are dismissed without leave to amend,[4] and even if plaintiffs decide to dismiss their claims against additional clinician defendants,[5] the scope of plaintiffs' discovery needs will remain largely unchanged. Or at least, CDCR has not demonstrated how they will materially change. See Fed. R. Civ. P. 26(c)(1) (requiring movant to show good cause for protective order). For instance, CDCR does not explain which of the discovery requests are directed solely to the currently contested ADA and RA claims. Because CDCR is the custodian of records pertaining to all the individual defendants (save perhaps Dr. Gorewitz), it is doubtful that the dismissal of the disability discrimination claims would significantly narrow the overall scope of the discovery sought from CDCR.

Plaintiffs are correct that discovery opened on August 31, 2020 after the parties met for their Rule 26(f) conference. See Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-CV-02630-JAM-KJN, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011) ("[A] party may generally seek discovery from any source after the parties confer as required by Rule 26(f).") (citing Fed. R. Civ. P. 26(d)(1)). Therefore, the court's vacatur of the initial disclosures deadline and the current lack of a scheduling order does not make plaintiffs' discovery requests "premature."

Accordingly, the court instructs the parties essentially to pick up where they left off with respect to discovery from CDCR. Plaintiffs' November 25, 2020 letter (ECF No. 62 (Ex. 13)) narrowing some of their discovery requests strikes the court as a good starting point for the

---

[4] The undersigned notes that both motions are premised at least in part on assertions of inadequate factual pleading, not the legal unavailability of relief. Thus, there is a higher likelihood of plaintiffs being granted leave to amend. (See, e.g., ECF No. 28.1 at 2, 13-14 (CDCR arguing in support of motion to dismiss that plaintiffs "fail[] to allege facts showing that [Michael] was discriminated against as a result of a disability").)

[5] Although plaintiffs contemplate voluntarily dismissing "several" primary treating clinicians, they do not plan to dismiss the CDCR administrators (ECF No. 63 at 15), so the scope of discoverable information is unlikely to change.

4

parties to meet and confer to establish mutually agreeable terms going forward. The undersigned is unwilling at this juncture to compel CDCR to substantively respond to any particular requests, as plaintiffs' counsel has indicated willingness to further tailor the existing discovery requests based on good faith negotiations with defense counsel. As discussed at the hearing, the undersigned remains available for an informal discovery conference if the parties are unable to reach an agreement on what discovery may be sought from CDCR.

Turning to the individual defendants' motion, the court acknowledges plaintiffs' (much appreciated) willingness to proceed, for the moment, with only seeking discovery from CDCR. (See ECF No. 63 at 4 n.3 ("agree[ing] to proceed first with their discovery to CDCR as they had initially planned to do"), 20, 23.) The court therefore grants a temporary stay of discovery for the individual defendants. Given the significant document production CDCR has already informally provided to plaintiffs,[6] and given that formal discovery will now proceed with CDCR, the court finds it appropriate to stay discovery from the moving individual defendants until defendants' proposed date of March 26, 2021, or until the parties exchange their initial disclosures, whichever comes earlier. Because the court anticipates that plaintiffs' discovery requests for the individual defendants may change as a result of the discovery obtained from CDCR, the court declines to order a blanket extension of defendants' discovery response deadlines at this time. However, no responses shall be due from the individual defendants earlier than 30 days after (i) March 26th or (ii) the parties' exchange of initial disclosures, whichever comes first.

**CONCLUSION**

For these reasons, IT IS ORDERED that:

1. Defendant CDCR's motion for a protective order staying discovery (ECF No. 43) is DENIED;

    a. Within 7 days of this order, counsel for CDCR and plaintiffs shall meet and confer

---

[6] Although this production is unverified, the court notes defendants' representation that their November 18, 2020 informal production contains Michael's "complete" medical and custody files, and "all" grievance records. (ECF No. 63 at 2.)

      regarding plaintiffs' outstanding discovery requests to CDCR, as modified by plaintiffs' November 25, 2020 letter; and

2. The individual defendants' motion for a protective order staying discovery (ECF No. 52) is GRANTED;

    a. Discovery is stayed as to the individual moving defendants until March 26, 2021, or until the parties have exchanged their initial disclosures pursuant to any forthcoming scheduling order issued by the assigned District Judge, whichever comes earlier.

IT IS SO ORDERED.

Dated: January 14, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.lee.1161

6