UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ESTATE OF MICHAEL LEE, et al., | No. 2:20-cv-01161-JAM-CDK |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING CDCR'S MOTION TO DISMISS** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

This matter is before the Court on California Department of Corrections and Rehabilitation's ("CDCR") Motion to Dismiss. CDCR's Mot. to Dismiss ("Mot."), ECF No. 28. Plaintiffs opposed this motion, Opp'n, ECF No. 40, to which CDCR responded, Reply, ECF No. 41. After consideration of the parties' written arguments on the motion and relevant legal authority, the Court GRANTS CDCR's Motion to Dismiss.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 27, 2020.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case arises from the suicide of inmate Michael Lee. Michael had a history of mental health issues, including suicide attempts, due to a traumatic brain injury he suffered from a car accident in 2004. Compl. ¶¶ 71-77, ECF No. 1. On June 30, 2017, Michael turned himself in for his role in a fight that had occurred several weeks prior. Compl. ¶ 78. Michael pled guilty and was incarcerated in El Dorado County Jail. Id. Concerned about her son, Michael's mother, Mary Pamela Sandy, brought his medical records to the jail and spoke with the warden, a doctor, and a nurse about Michael's injury, resulting mental health condition and prior suicide attempts. Compl. ¶ 79. Plaintiffs allege this information was provided to CDCR upon his transfer to their custody on August 30, 2017. Compl. ¶¶ 79-81. While in CDCR custody, Michael's mental health deteriorated, Compl. ¶¶ 94-146, and on January 8, 2019 he committed suicide. Compl. ¶¶ 147.

The Estate of Michael Lee and Michael's mother, Mary Pamela Sandy, (collectively "Plaintiffs"), brought this action against CDCR and 25 individual defendants, based on alleged deficiencies in Michael's care while in CDCR custody. See generally Compl. Relevant to this motion, Plaintiffs brought two claims against CDCR: the first, for violation of Title II of the Americans with Disabilities Act ("ADA") and as a result violation of California's Unruh Act and the second, for violation of the Rehabilitation Act ("RA"). Compl. at 49-51. CDCR now moves to dismiss both causes of action for failure to state a claim. See generally Mot. Additionally, CDCR seeks dismissal of Plaintiffs' claims for injunctive relief because they are moot. Mot. at 12.

2

II.   OPINION

A.   Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

B.   Analysis

1.   Unruh Act

Sovereign immunity bars federal suits against a state or one of its agencies or departments. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This immunity applies to claims brought under California's Unruh Act. See Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1134 (9th Cir. 2006).

CDCR is a state agency and therefore immune from suit under the doctrine of state sovereign immunity. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada

3

Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Plaintiffs do not dispute this. See Pls.' Opp'n. Accordingly, Plaintiff's Unruh Claim is DISMISSED with prejudice.

### 2. ADA and RA

Title II of the ADA prohibits discrimination by public entities on the basis of disability. 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.") To state a Title II ADA claim, a plaintiff must allege facts showing that they: (1) are a qualified individual with a disability; (2) were discriminated against or excluded from participation in a public entity's services, programs, or activities; and (3) that the discrimination was by reason of their disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Similarly, to establish a violation of § 504 of the RA, a plaintiff must allege that they: (1) are an individual with a disability; (2) are otherwise qualified to receive a benefit; (3) were denied the benefits of a program solely by reason of their disability; and (4) the program receives federal financial assistance. Id. Both the ADA and RA apply in the state prison context, Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir. 1997), and there is no significant difference in the analysis of the two. Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

1    Defendants argue that Plaintiffs' ADA and RA claims are
2 actually claims for inadequate mental-health treatment, which is
3 not actionable under either statute.  Mot. at 10-11; Simmons v.
4 Navajo Cty., 609 F.3d 1011, 1022 (9th Cir. 2010) overruled on
5 other grounds by Castro v. Cty. Of Los Angeles, 833 F.3d 1060
6 (9th Cir. 2016).  The Court agrees.
7    The Court finds O'Guinn v. Nevada Department of Corrections
8 instructive.  In that case, the plaintiff argued that because of
9 his uncontrollable behavior, which was a result of his mental
10 health disability, he had been excluded from the Mental Health
11 Unit and denied mental health treatment, programs for which he
12 was otherwise qualified.  O'Guinn v. Nevada Dep't of Corr., No.
13 3:07-CV-00450-LRH-VP, 2010 WL 4395442, at * 4 (D. Nev. Aug. 26,
14 2010), report and recommendation adopted, No. 3:07-CV-00450-LRH,
15 2010 WL 4457001 (D. Nev. Oct. 29, 2010), aff'd, 468 F. App'x 651
16 (9th Cir. 2012).  The District Court found that although
17 plaintiff's counsel framed the deprivation of care as
18 discriminatory it was actually a claim for medical negligence.
19 Id.  In affirming the District Court's grant of summary judgment
20 to defendants, the Ninth Circuit noted that key elements of an
21 ADA or RA claim cannot be reconciled with medical treatment
22 decisions for the underlying disability.  O'Guinn, 468 F. App'x
23 at 653.  The Court pointed out that the plaintiff claimed he was
24 discriminatorily denied mental health treatment because of his
25 disability but he only needed the treatment because he was
26 disabled.  Id.  Thus, the Court reasoned, he was not otherwise
27 qualified to receive the benefit and his alleged denial of
28 treatment was not discrimination under either the ADA or the RA.

Id.

Similarly, here Plaintiffs allege that because of Michael's medication noncompliance, which results from his mental health disability, he was denied inpatient mental health care. Opp'n at 11. But like in O'Guinn, Michael only needed the treatment because he was disabled, making him not "otherwise qualified" to receive the benefit. O'Guinn, 468 F. App'x at 653.

The cases upon which Plaintiffs rely, Padilla v. Beard, No. 2:14-CV-01118-KJM-CKD, 2014 WL 6059218 (E.D. Cal. Nov. 12, 2014) and Biselli v. County of Ventura, No. CV 09-08694 CAS (Ex), 2012 U.S. Dist. LEXIS 79326 (C.D. June 4. 2012), are distinguishable as both involved administrative discipline, not mental health treatment decisions. Padilla concerned a disciplinary charge resulting from the plaintiff's behavior during a cell extraction when that behavior allegedly resulted from his mental illness. Padilla, 2014 WL 6059218 at *9. Similarly, in Biselli, the plaintiff was placed in disciplinary segregation based on conduct that stemmed from his mental illness. Biselli, 2012 U.S. Dist. LEXIS 79326 at *44-45. In both cases the court found that the plaintiff had stated a claim under the ADA because he had been denied some benefit that other non-disabled individuals received, like TV, visits or non-segregated housing, because of conduct related to his disability. Padilla, 2014 WL 6059218 at *9; Biselli, 2012 U.S. Dist. LEXIS 79326 at *44-45. These benefits had nothing to do with the medical treatment of plaintiffs' underlying disabilities.

In contrast, here, Michael only needed inpatient care because of his mental health. See Compl. ¶ 210. As such, the

alleged benefit Michael did not receive is "inextricably linked" to medical decisions for his asserted disability. O'Guinn, 468 F. App'x at 653. In sum Plaintiffs challenge "the adequacy of [Michael's] mental health care, a challenge that cannot be properly brought under the ADA and RA." Id.; see also Simmons, 609 F.3d at 1022. For these reasons Plaintiffs' ADA and RA claims are DISMISSED without prejudice.[2]

### 3. Injunctive Relief

Lastly, CDCR argues that "Plaintiffs' claims for unspecified injunctive relief should be dismissed because they are moot." Mot. at 12. Plaintiffs, again, do not dispute this. See Pls.' Opp'n. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles Cty. V. Davis, 440 U.S. 625, 631 (1979) (internal quotations and citation omitted). A plaintiff seeking injunctive relief must show that there is a real or immediate threat they will be wronged again. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

Here, any injunctive relief would obviously be ineffectual as to Michael because he is now deceased. See Estate of Creason v. City of Concord, 203 Fed. Appx. 833, 834 (9th Cir. 2006). His estate and mother also cannot pursue injunctive relief because they cannot show a threat to their interests or that any redress would accompany a favorable judgment. Id.; see also Lyons, 461 U.S. at 101-03. As such, Plaintiffs' claims for

---

[2] Because the Court finds Plaintiffs have failed to state a claim under the ADA, the Court need not address what, if any, punitive damages are available.

7

1  injunctive relief are DISMISSED with prejudice.

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant CDCR's Motion to Dismiss.  Plaintiffs' Unruh and injunctive relief claims are dismissed WITH PREJUDICE as the Court finds amendment would be futile.  Plaintiffs' ADA and RA claims are dismissed WITHOUT PREJUDICE.  If Plaintiffs elect to amend their complaint with respect to these claims, they shall file an Amended Complaint within twenty (20) days of this Order. Defendant's responsive pleading is due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated:   January 21, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE