UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ESTATE OF MICHAEL LEE, et al., | No. 2:20-cv-01161-JAM-CDK |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART JANET GOREWITZ'S MOTION TO DISMISS** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

This case arises from the suicide of inmate Michael Lee. Michael had a history of mental health issues, including suicide attempts, due to a traumatic brain injury he suffered from a car accident in 2004. Compl. ¶¶ 71-77, ECF No. 1. On June 30, 2017,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 24, 2020. While Defendant in her opening brief in support of her motion states she is moving for dismissal of claims one, three, seven, and eight, she does not anywhere address the legal basis for dismissal of the eighth claim. See generally Gorewitz's Mot. to Dimiss("Mot."), ECF No. 39. Accordingly, the Court does not address it.

1

Michael turned himself in for his role in a fight that had occurred several weeks prior. Id. ¶ 78. Michael pled guilty and was incarcerated in El Dorado County Jail. Id. Concerned about her son, Michael's mother, Pamela Sandy, brought his medical records to the jail and spoke with the warden, a doctor, and a nurse about Michael's injury, resulting mental health condition and prior suicide attempts. Id. ¶ 79. Plaintiffs allege this information was provided to CDCR upon his transfer to their custody on August 30, 2017. Id. ¶¶ 79-81. While in CDCR custody, Michael's mental health deteriorated and on January 8, 2019 he committed suicide. Id. ¶¶ 94-147.

The Estate of Michael Lee ("Estate") and Michael's mother, Mary Pamela Sandy ("Pamela Sandy"), (collectively "Plaintiffs"), brought this action against CDCR and 25 individual defendants, including Defendant Janet Gorewitz ("Defendant" or "Gorewitz"), based on alleged deficiencies in Michael's care while in CDCR custody. See generally Compl. Defendant Gorewitz served as Michael's primary clinician from April 11, 2018 until April 24, 2018. Id. ¶¶ 120-123. On April 1, 2018, just 10 days before Michael was transferred to Gorewitz's care, he was brought to the triage treatment area because he had stopped eating. Id. ¶ 117. There, a licensed clinical social worker evaluated him and determined he showed signs of depression, anxiety, and hopelessness. Id. Michael was transferred to a Mental Health Crisis Bed ("MHCB") that same day, his third time in less than two months. Id. A few days later, on April 6, 2018, psychologist Daniel Gaylin spoke with Pamela Sandy to discuss Michael's mental health. Id. ¶ 119. Pamela Sandy, informed Dr.

2

Gaylin of Michael's 2017 suicide attempt and that she feared he was currently struggling with suicide ideation, which he documented. Id. On April 11, 2018, when Defendant Gorewitz, also a psychologist, began seeing Michael she noted that he continued to refuse medication, continued to self-isolate, and appeared to be "internally preoccupied with active process." Id. ¶ 120. Despite this, Defendant recommended Michael be transferred to Enhanced Out Patient ("EOP"), a lower level of care. Id. Plaintiffs allege this was below the standard of care and in violation of CDCR policies. Id. ¶¶ 120-122.

Michael's Estate brought three claims against Defendant Gorewitz: (1) deliberate indifference to serious medical needs in violation of the Eighth Amendment under 42 U.S.C. § 1983, (2) wrongful death under California state law, and (3) negligence under California state law. Id. at 39-44, 52-54. Pamela Sandy also brought two claims against Defendant Gorewitz: (1) deprivation of substantive due process rights in violation of the First and Fourteenth Amendments under 42 U.S.C. § 1983, and (2) wrongful death under California state law. Id. at 48, 52-54. Defendant Gorewitz now moves to dismiss the Estate's and Pamela Sandy's § 1983 causes of action for failure to state a claim, Mot. at 8-9, as well as Pamela Sandy's wrongful death action as barred by the statute of limitations. Mot. at 7-8. Defendant also argues that Pamela Sandy's § 1983 action is barred by the statute of limitations. Id.

II. OPINION

A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not

alleging sufficient facts to state a claim for relief.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

    B.    Analysis

          1.    Statute of Limitations

               a.    1983 Claim

The applicable statute of limitations for § 1983 actions is the state statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985).  In California, the statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1.  However, Defendant argues that because Plaintiff Pamela Sandy's claim arises from the provision of healthcare services, the statute of limitations for professional negligence claims against health care providers under Cal. Civ Proc. Code. § 340.5 should apply.  Mot. at 7-8.  The Court disagrees.

    First, § 340.5 applies to claims "against a health care

1  provider based upon such person's <u>alleged professional</u>
2  <u>negligence</u>." Cal. Civ. Proc. Code § 340.5 (emphasis added).
3  Plaintiff's § 1983 claims are not based on Defendant's
4  professional negligence but rather on her deliberate
5  indifference. See <u>Estelle v Gamble</u>, 429 U.S. 97, 106 (1976)
6  (claims under 42 U.S.C. § 1983 require a showing of deliberate
7  indifference and are not the same as claims for negligence). As
8  such, § 340.5 is inapplicable to this claim by its very terms.
9      Second, in <u>Owens</u>, the Supreme Court clarified that where
10 state law provides multiple statutes of limitations for personal
11 injury actions, in § 1983 claims courts should borrow the
12 general or residual statute. <u>Owens v. Okure</u>, 488 U.S. 235, 249-
13 50 (1989). This is consistent with the Court's reasoning that
14 in order to promote uniformity, certainty, and the minimization
15 of unnecessary litigation, the statute of limitations for § 1983
16 actions should not depend on the particular facts of the case.
17 <u>Wilson</u>, 471 U.S. at 275. Applying a different statute of
18 limitations here because of who Defendant is and the context in
19 which Plaintiff's action arose would be inconsistent with these
20 goals.
21     Accordingly, the appropriate statute of limitations for
22 Plaintiff's § 1983 action is California's two-year limitations
23 period for personal injury actions. Here, Michael died on
24 January 8, 2019. Compl. ¶ 147. Plaintiff filed her suit on
25 June 9, 2020. Because the suit was filed within two years after
26 Michael's death, her § 1983 claim is timely. See <u>Cabrales v.</u>
27 <u>Cty. of Los Angeles</u>, 864 F.2d 1454, 1463 (9th Cir. 1988)
28 (finding plaintiff's 1983 action arose on the date of death),

1  cert. granted, judgment vacated, 490 U.S. 1087 (1989), and
2  opinion reinstated, 886 F.2d 235 (9th Cir. 1989).

### b. Wrongful Death Claim

The elements of a wrongful death claim are: (1) a wrongful act or neglect that (2) causes (3) the death of another person. See Cal. Civ. Proc. Code § 377.60; Norgart v. Upjohn Co., 21 Cal. 4th 383, 390 (1999). A wrongful death claim may be based on a defendant's deliberate indifference, Villarreal v. Cty. Of Monterey, 254 F.Supp.3d 1168, 1191 (N.D. Cal. 2017); Estate of Prasad ex rel. Prasad v Cty. of Sutter, 958 F.Supp.2d 1101, 1118 (E.D. Cal. 2013), which is categorically different than a medical negligence claim. Estelle, 429 at 106.

§ 340.5 applies to wrongful death claims against a health care provider based upon such person's alleged professional negligence. See Cal. Civ. Proc. Code § 340.5. Professional negligence is defined as the negligent act or omission by a health care provider in the rendering of professional services. Id. § 340.5(2).

To the extent that Plaintiffs' wrongful death claim is based on Defendant's negligence, § 340.5 would apply, as any acts or omissions occurred during the rendering of professional services. See Flores v. Presbyterian Intercommunity Hosp., 63 Cal. 4th 75, 88 (2016) (holding § 340.5 applies to actions alleging injury suffered by negligence during the provision of medical care to patients). As such, Plaintiffs' action appears to be time-barred as Michael died January 8, 2019, but the claim was filed more than a year later, in June 2020. However, as § 340.5 only applies to claims based on professional negligence,

6

it would not apply to Plaintiffs' claim based on Defendant's deliberate indifference.  See Cal. Civ. Proc. Code § 340.5.

Accordingly, Defendant's motion to dismiss Plaintiffs' wrongful death claim is granted in part and denied in part.  To the extent that this claim is based on Defendant's negligence it appears to be barred by the one-year statute of limitations of § 340.5.  Plaintiffs have requested leave to amend and indicated they may be able to plead facts demonstrating the statute of limitations did not begin to run until October 2019, when the negligent acts were discovered.  Opp'n at 10-12, ECF No. 45.  Therefore, dismissal without prejudice is appropriate.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (2003).  Insofar as Plaintiffs' claim is based on the other wrongful acts of Defendant, such as deliberate indifference, the motion to dismiss is denied.

### 2.   Deliberate Indifference

To allege an Eighth Amendment violation pursuant to 42 U.SC. § 1983 based on prison medical treatment, an inmate must show deliberate indifference to a serious medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Such indifference may also support a claim for substantive due process violation.  Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1075 (9th Cir. 2013).  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096.  "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the

7

1  plaintiff must show that the defendant's response to the need
2  was deliberately indifferent." Id. (internal quotation marks
3  and citation omitted). This second prong is satisfied "by
4  showing (a) a purposeful act or failure to respond to a
5  prisoner's pain or possible medical need and (b) harm caused by
6  the indifference." Id. "Indifference may appear when prison
7  officials deny, delay or intentionally interfere with medical
8  treatment, or it may be shown by the way in which prison
9  physicians provide medical care." Id. (internal quotation marks
10 and citation omitted). "Yet, an inadvertent or negligent
11 failure to provide adequate medical care alone does not state a
12 claim under § 1983." Id. (internal quotation marks and citation
13 omitted).
14     Here, the first prong is satisfied, which Defendant does
15 not dispute, as Plaintiffs have alleged Michael was at an
16 elevated risk of suicide, a serious medical need. See Simmons
17 v. Navajo Cty., Ariz., 609 F.3d 1011, 1018 (2010). Defendant,
18 rather, argues that Plaintiffs have failed to allege facts
19 showing she was deliberately indifferent to Michael's medical
20 needs or that any harm befell Michael as a result of her care.
21 Mot. at 8-9. However, Defendant cites no persuasive authority
22 that the facts alleged do not rise to a plausible claim of
23 deliberate indifference. See id. The Court finds that when
24 viewed in the light most favorable to the Plaintiffs, a trier of
25 fact could find based on the allegations, that Defendant was
26 deliberately indifferent to Michael's serious medical needs.
27     First, the allegations support a finding that Defendant was
28 aware of Michael's elevated suicide risk. The complaint alleges

1  that on April 11, 2018 Defendant was listed as Michael's primary
2  clinician.  Compl. ¶ 120.  As his primary clinician, with access
3  to his medical file, it is reasonable to infer that Defendant
4  was aware of his medical history.  This would include
5  psychologist Daniel Gaylin's recent notes of a conversation with
6  Michael's mother, where she informed him of Michael's 2017
7  suicide and her concern that he was currently struggling with
8  suicidal ideation.  Id. ¶ 119.  Additionally, according to
9  Plaintiffs, the record shows that on April 1, 2018, Michael was
10 brought to the triage treatment area because he had stopped
11 eating for several days; that a licensed clinical social worker
12 had evaluated him and determined he showed signs of depression,
13 anxiety, and hopelessness; and that he was transferred to MHCB
14 care for the third time in less than two months that day.  Id.
15 ¶ 117.
16      Based on these recent treatment notes indicating Michael's
17 declining mental health, coupled with a documented history of
18 suicide attempts, suicidal ideation and serious mental health
19 condition, a trier of fact could find that Defendant was aware
20 of Michael's heighted risk for suicide.  Farmer v. Brennan, 511
21 U.S. 825, 842 (1994) (noting a fact finder may infer the
22 official had the requisite knowledge based on circumstantial
23 evidence).  Further bolstering this conclusion is the fact that
24 Defendant herself noted Michael continued to refuse medication,
25 continued to self-isolate, had been sent to MCHB three times in
26 the prior six months, and appeared to be "internally preoccupied
27 with active process."  Compl. ¶ 120.
28      Despite this Defendant recommended Michael return to EOP, a

9

lower level of care. Id. Plaintiffs allege this was below the standard of care and in violation of CDCR's own policies. Id. ¶¶ 120-122; Opp'n at 13. Based on these allegations, a trier of fact could find Defendant failed to respond to Michael's serious medical need, as she was aware of his heightened risk for suicide but offered no additional treatment. See Rocha v. Kernan, No. EDCV 17-869-GW (FFMX), 2019 WL 2949031, at *10 (C.D. Cal. Mar. 13, 2019).

Finally, Defendant argues that "[t]here is no connection between her acts in providing healthcare and [Michael's] future self-harm, which occurred months later, on January 8, 2019." Mot. at 9. But, as Plaintiffs argue, the alleged harm Michael suffered was not just his death but also the pain and suffering resulting from his declining mental health. Opp'n at 14. Allegations that Defendant did not recommend additional treatment and sent him to a lower level of care are acts or omissions that could plausibly have led to Michael's declining mental health and eventually, his suicide. See Rocha, at *11. At the pleading stage, it is reasonable to conclude that if Defendant had acted differently, she may have prevented his death. Id.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant Gorewitz's Motion to Dismiss Plaintiffs' first and third, § 1983, causes of action. Defendant's Motion to Dismiss Plaintiffs' seventh cause of action for wrongful death is GRANTED in PART and DENIED in PART. This claim is only dismissed to the extent it is based on Defendant's negligence. This portion is dismissed

WITHOUT PREJUDICE.  If Plaintiffs elect to amend their complaint with respect to this claim, they shall file an Amended Complaint within twenty (20) days of this Order.  Defendant's responsive pleading is due twenty (20) days thereafter.

    IT IS SO ORDERED.

Dated: January 29, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE